```
 1
 2
 3
 4
 5
 6
 7
 8                        UNITED STATES DISTRICT COURT
 9                       CENTRAL DISTRICT OF CALIFORNIA
10
11  BRUCE A. LANIER,                  )   NO. ED CV 05-116-E
                                      )
12                 Plaintiff,         )
                                      )
13         v.                         )   MEMORANDUM OPINION
                                      )
14  JO ANNE B. BARNHART, COMMISSIONER )   AND ORDER OF REMAND
    OF SOCIAL SECURITY ADMINISTRATION,)
15                                    )
                   Defendant.         )
16  _____)
17
18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
20  judgment are denied and this matter is remanded for further
21  administrative action consistent with this Opinion.
22
23                              PROCEEDINGS
24
25       Plaintiff filed a complaint on February 7, 2005, seeking
26  review of the Commissioner's denial of benefits.  The parties filed
27  a consent to proceed before a United States Magistrate Judge on
28  March 11, 2005.
```

1    Plaintiff filed a motion for summary judgment on July 14,
2 2005.  Defendant filed a cross-motion for summary judgment on
3 August 15, 2005.  The Court has taken both motions under submission
4 without oral argument.  See L.R. 7-15; "Order," filed February 11,
5 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

9    Plaintiff asserted disability based on various alleged
10 impairments (Administrative Record ("A.R.") 226, 409-39).  The
11 Administrative Law Judge ("ALJ") found Plaintiff has bilateral
12 cataracts, diabetes mellitus type II, hypertension, and two missing
13 fingers on his right hand, but also found that these impairments do
14 not meet or equal any of the Listing of Impairments (A.R. 22).  With
15 respect to Plaintiff's cataracts, the ALJ stated that because the
16 cataracts could be cured with surgery, Plaintiff did not have a
17 visual impairment of legal blindness lasting or expected to last for
18 a period of 12 continuous months.  Id.  The Appeals Council denied
19 review (A.R. 9-11).

**STANDARD OF REVIEW**

23    Under 42 U.S.C. section 405(g), this Court reviews the
24 Commissioner's decision to determine if: (1) the Commissioner's
25 findings are supported by substantial evidence; and (2) the
26 Commissioner used proper legal standards.  See Swanson v. Secretary,
27 763 F.2d 1061, 1064 (9th Cir. 1985).
28 ///

**DISCUSSION**

**I.    Absent Further Record Development, Substantial Evidence Does Not Support the ALJ's Finding that Plaintiff's Legal Blindness Fails to Meet the Duration Requirement.**

At the September 17, 2003 administrative hearing, a medical expert, Dr. Lowell Sparks, testified that Plaintiff's visual impairment due to cataracts met the listing for legal blindness in June 2003 (A.R. 425).  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.02.  Dr. Sparks further stated, however, that as of the date of the hearing Plaintiff's legal blindness had existed for only a few months, and Plaintiff should be able to see after corrective surgery (A.R. 425-26).  Thus, Dr. Sparks concluded that Plaintiff's legal blindness did not meet the 12-month duration requirement necessary for a determination of disability (A.R. 425).  See 20 C.F.R. §§ 404.1509, 416.909.  In her decision, the ALJ concurred with Dr. Sparks' opinion, stating:

> As of June 2003 [Plaintiff] has obscur[]ed vision due to cataracts.  Surgical correction had been scheduled but was cancelled pending outcome of his disability claims.  The medical expert, Dr. Sparks, felt that the claimant's vision problems should resolve with surgery.  <u>It is the claimant's responsibility to cooperate with prescribed treatment aimed at restoring his ability to work</u>.  The claimant does not have a visual impairment of legal blindness which has lasted or is expected to

3

```
 1             last for a period of 12 continuous months (emphasis
 2             added).
```

(A.R. 22).

Underlying this finding is the unexplained assumption that if Plaintiff had "cooperated," Plaintiff promptly could obtain surgery for his cataracts. Because Plaintiff's visual impairment can be "expected to last" until Plaintiff has this surgery, the assumption Plaintiff could obtain the surgery is critical to the ALJ's conclusion that the visual impairment fails to meet the durational requirement. No substantial evidence of record supports this assumption, however. Plaintiff's testimony suggested he could not obtain the surgery, at least not during the pendency of this case. Plaintiff testified that he has no income other than $139 a month in food stamps, that he asked the county hospital, California's Medi-Cal program, and an organization called Eye of America to help pay for his cataract surgery, and that none of these entities would assist Plaintiff because Plaintiff has a Social Security claim pending (A.R. 410-12). When Dr. Sparks offered to explain why Plaintiff's attempts to obtain cataract surgery were being denied, the ALJ refused to allow Dr. Sparks to put anything on the record concerning this issue (A.R. 426-27).

The Administration may not deny benefits if a disabling condition is remediable, but the claimant cannot afford or obtain the remedy. Gamble v. Chater, 68 F.3d 319, 320-21 (9th Cir. 1995); Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) ("while a

4

remediable or controllable medical condition is generally not disabling, when a claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law.") (quotations and citations omitted); Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir.1987) ("the medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered."). Here, the ALJ failed to discuss Plaintiff's uncontroverted testimony that he cannot afford cataract surgery and that all of his attempts to obtain the surgery have been rejected. Absent further record development concerning how, if at all, Plaintiff has failed to "cooperate" to obtain the surgery, the ALJ's decision is not supported by substantial evidence.

**II.     Remand is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d
///
///
///
///

871, 876 (9th Cir. 2003) (remand is an option where the ALJ failed to state sufficient reasons for rejecting a claimant's testimony).[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 16, 2005.

```
                         _____/S/_____
                              CHARLES F. EICK
                         UNITED STATES MAGISTRATE JUDGE
```

---

[1] The Court has not considered any of Plaintiff's other challenges to the Administration's decision, except insofar as to determine that reversal would not be appropriate.